# IN THE SUPERIOR COURT OF GUAM

ᵂᵘ ᴸⁱᵇᵃʳʸ

|  |  |
|---|---|
| ALLYN KELLEY, | ) DOMESTIC CASE NO. DM0488-10 |
| Plaintiff, | ) |
| vs. | ) DECISION AND ORDER |
| MARK S. KELLEY, | ) |
| Defendant. | ) |

This matter came before the HONORABLE VERNON P. PEREZ on July 12, 2012. Attorney William Jones appeared on behalf of Plaintiff Allyn Kelley. Attorney Joaquin Arriola Jr. appeared on behalf of Defendant Mark Kelley. As both parties share a common surname they will be referred to herein solely as Plaintiff and Defendant. Having reviewed the pleadings and the arguments presented the Court now issues the following Decision and Order.

## BACKGROUND

At bench trial for this matter, the Court heard objections to the admission of Plaintiff's Exhibits LL through TT. Defendant's objections were based on timeliness and surprise as to the submissions of the referenced exhibits. The Court took the matter under advisement to fully review the surprise aspect of Plaintiff's proposed exhibits.

## DISCUSSION

A complete decision regarding divorce must determine the validity of an accusation of adultery as that determination may have a great effect on the final distribution of property. 19 G.C.A. § 8411 states:

> [i]n case of the dissolution of marriage by the decree of a court of competent jurisdiction, the community property, and the homestead, shall be assigned as follows: (a) If the decree be rendered on the ground of adultery or extreme cruelty, the community property shall be assigned to respective parties in such proportions as the court, from all the facts in the case, and the condition of the parties, may deem just. (b) If the decree be rendered on any other ground than that of adultery or

---

*Kelley v. Kelley,*
Decision and Order
Domestic Case No. DM0488-10                    - Page 1 of 3 -

extreme cruelty, the community property shall be equally divided between the parties.

While this distinction may not be as meaningful in effect as it may appear to be, due to the Guam Supreme Court's interpretation of 19 G.C.A. § 8411 (b), the Court still believes that it could represent a crucial distinction. See *Sinlao v. Sinlao,* 2005 Guam 24 at ¶ 22-24 (2005) (holding that Guam does not subscribe to the "mathematical equality" standard utilized in other jurisdictions). The Plaintiff has asserted adultery as one of the grounds upon which she seeks dissolution of marriage. Guam law governing dissolution of marriage defines adultery as "voluntary sexual intercourse of a married person with a person other than the offender's husband or wife." See 19 G.C.A. § 8204. Thus, this determination on these exhibits could affect the eventual outcome of the distribution.

Defendant claims that the submission of Plaintiff's Exhibits LL through TT came at the eve of trial and was untimely. Defendant hopes to exclude those exhibits from evidence under the premises that they amount to surprise and should not be considered as the Defendant did not have an opportunity to prepare for Plaintiff's Exhibits LL through TT.

Surprise

Defendant argues that surprise prohibits the admission of Plaintiff's Exhibits LL through TT. Here, the exhibits came in a single packet that was stamp filed by the Court on July 6, 2012. Trial for the matter was held over four days from July 9, 2012 to July 12, 2012. Parties were aware of the trial dates as late as June 22, 2012 at a pre-trial conference. Earlier trial dates were continued at the request of the Parties. Clearly, Plaintiff should have submitted what appears to be readily available evidence much sooner to grant the Defendant time to prepare as to the exhibits. The Court does not believe that three days is adequate time to review and prepare to refute the exhibits at the eve of trial while attempting to prepare for trial. Plaintiff's other exhibits were submitted much earlier on March 30, 2012. The Court agrees with Defendant that surprise occurred from the untimely submissions.

<u>Cumulative</u>

As the discussion applies to the issue of adultery, the Court is confident that adequate admitted evidence exists such that any finder of fact could come to a conclusion on the issue.[1] Therefore, any additional evidence that may be present in Plaintiff's Exhibits LL through TT appear to be cumulative. The Court does not see how the referenced exhibits could be relevant for any other issue but adultery. Thus, the exhibits at issue are both a surprise to the Defendant and cumulative.[2]

## CONCLUSION

For the foregoing reasons, the Court SUSTAINS Defendant's objection to the admission of Plaintiff's Exhibits LL through TT. Parties will return _OCT 2 6 2012 @ 10am_.

So ORDERED this 10th day of October, 2012.



Original Signed By:
HON. VERNON P. PEREZ

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

OCT 1 0 2012
20

Jacqueline S.C. Terlaje
Deputy Clerk, Superior Court of Guam

---

[1] Testimony from the Parties alone would be enough for this Court to make a conclusion on Plaintiff's claim that adultery is a ground for divorce. Yet, other admitted evidence is also very informative of the extracurricular activity of Defendant during the marriage.

[2] The Court does not find it necessary to the determination to address the relevance of the proposed exhibits. Yet, the Court would likely find that Plaintiff's Exhibits LL through TT would be relevant to the issue of adultery.